# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR A. McCULLOUGH, Petitioner<br><br>v.<br><br>JOHN E. WETZEL, Secretary, Pennsylvania Department of Corrections;<br>JEROME R. WALSH, Superintendent, State Correctional Institution at Dallas,<br>Respondents | C.A. No. |

## MOTION FOR APPOINTMENT OF FEDERAL HABEAS CORPUS COUNSEL

Pursuant to 28 U.S.C. § 1915(d), Petitioner, JAMAR McCULLOUGH, an indigent life-sentenced prisoner, seeks appointment of federal habeas corpus counsel, and in support of this Motion, Petitioner states the following:

1. Petitioner, JAMAR A. McCULLOUGH, is in the custody of the Commonwealth of Pennsylvania in the State Correctional Institution at Dallas, under sentence of life imprisonment for the Philadelphia County conviction for murder and related charges, in Case No. CP9707-0010

2. On June 25, 2012, the United States Supreme Court decided **Miller v. Alabama**, 567 U.S. ___, 132 S.Ct. 2455 (2012), finding that the mandatory imposition of a life without the possibility of parole sentence for a juvenile convicted of homicide violates the Eighth Amendment's ban on cruel and unusual punishment. Petitioner was born on July 15, 1979, and was 17-years-old at the time of his homicide offense. He is affected by the **Miller** holding.

3. On July 20, 2010, Petitioner filed a pro se motion for post-conviction relief in state court, arguing his sentence is unconstitutional based on **Miller**, and that his petition is timely because **Miller** recognized a new rule of law. Counsel has not be appointed, and that motion has not yet been decided by the common pleas court.

4. Petitioner is filing a motion for authorization to file a second or successive petition for writ of habeas corpus now, in light of **Pace v. DiGuglielmo**, 544 U.S. 408 (2005), relating to equitable tolling.

5. Petitioner is indigent. **See** Financial Affidavit, attached as Exhibit 1 to this Motion. Petitioner is without gainful employment and has no other source of income or assets. 28 U.S.C. § 1915(d).

6. Based on **Miller** and all it said about youth and requires before a life-without-parole term may be imposed on a juvenile, this case warrants the appointment of counsel.

7. Petitioner therefore seeks the appointment of counsel for purposes of this litigation.

WHEREFORE, Petitioner respectfully requests the Court appoint counsel for Petitioner in these habeas corpus proceedings. (A proposed order accompanies this request).

Respectfully submitted,

JAMAR McCULLOUGH

SCI Dallas
1000 Follies Road
Dallas, PA 18612

Dated: 6/14/13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAR A. McCULLOUGH, Petitioner )
)
)
v. ) C.A. No.
)
JOHN E. WETZEL, Secretary, Pennsylvania )
Department of Corrections; )
JEROME R. WALSH, Superintendent, )
State Correctional Institution at )
Dallas, )
Respondents )

## ORDER

**AND NOW**, this    day of         , 2013, the above-named petitioner having satisfied the Court that he is indigent, and seeking appointment of counsel, it is

**ORDERED** that                          is hereby appointed pursuant to 18 U.S.C. § 1915(d) to represent said petitioner in this matter. This appointment shall remain in effect until termination of this case or until substitute counsel is appointed.

_____