IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAR McCULLOUGH, : CIVIL ACTION
   Petitioner, :
:
v. :
:
:
:
JEROME WALSH, et al., : NO.13-3421
   Respondents, :

OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. see, 636 (b)(1)(b)

And now comes Jamar McCullough, pro-se in the above captioned matter herein files this "objection to the magistrate report and recommendation, dated October 8, 2013

Any party may object to a magistrate judges proposed findings recommendations or reports addressing a motion or matters described in 28 U.S.C. (b)(1)(b) or making a recommendation for the disposition of a prisoner case, here petitioner is serving on the Magistrate judge and all parties this written objection which does specifically identify the portion of the proposed findings of his report and recommendation.

Petitioner objects to the magistrate judge recommendation to stay and abey his habeas petition pending the state court's consideration of his PCRA miller claim.

On July 20, 2010 petitioner filed a PCRA challenging his sentence of life without the possibility of parole that it violated the eighth amendment. On July 16, 2012 petitioner amended his PCRA to include the new rule announced in Miller v. alabama, 132 S.Ct.2455 2474 Which held that a sentence of life imprisonment without the possibility for parole for those who commit their crime before age 18 violates the eighth amendment of the constitution when imposed in a mandatory sentencing scheme.

In petitioner's Memorandum of law in support of his habeas petition (see page 5) petitioner asked for a stay and abeyance until the out come of Commonwealth v. Cunningham, 38 EPA 2012., and also apprized the court of the pending question of the retroactivity of the miller decision pending before the court of appeals for the Third Circuit in the cases of Franklin x. Baines" No 12-3996, and Micheal J. Pendelton" No 12-3617, .

On October 3, 2013 the Third Circuit rendered an opinion in the Baines No,12-3996 Pendleton No.12-3617 (see attached) Allowing for Baines, Pendelton to file second or successive habeas corpus petitions, Stating" after extensive briefing and oral argument, we conclude that petitioners have made a prima facie showing that Miller is retroactive". (see attached page 8)

In accordance with the Third Circuit's October 3 decision petitioner objects to the magistrate judge's report and recommendation, and ask the district judge to proceed with petitioners habeas corpus petition. Because petitioner has also made prima facie showing that Miller is retroactive and applies to petitioner.

Petitioner objects to the magistrate judges recommendation to deny petitiner's motion for appointment of counsel without prejudice (see attached exhibit) On June 18, 2013 Chief Judge Yvette Kane ordered for the federal public defender to be appointed for all financially eligible persons consistent with 18 U.S.C. 3006A.

Petitioner's mandatory sentence of life without parole, imposed for acts committed when he was under eighteen years old, violates the eighth amendment to the united Stated Constitution, and consequently, this Court cannot permit his sentence to stand.

WHEREFORE, petitioner respectfully request that the court proceed with petitioner's habeas corpus petition, appoint counsel, and vacate his life sentence and grant the writ of habeas corpus.

Respectfully Submitted,

JAMAR A!! McCULLOUH

SCI-DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612-0286

Dated: 10/21/13

CERTIFICATE OF SERVICE

I James A. McCullough certify that on this 21 day of October, 2013, I served a copy foregoing upon the following by United States Mail,

Micheal E. Kunz
Clerk of Courts
United States District Court
Philadelphia, Pa 19106

James McCullough

Date 10/21/13

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 12-3617, 12-3996 and 13-1455

In re: MICHAEL J. PENDLETON,

> Petitioner in Case No. 12-3617

In re: FRANKLIN X. BAINES,

> Petitioner in Case No. 12-3996

In re: COREY GRANT,

> Petitioner in Case No. 13-1455

On Applications for Leave to File a Second or Successive
Habeas Petition pursuant to 28 U.S.C. Section 2244(b)
No. 12-3617 related to W.D. Pa. No. 12-cv-00195
before the Honorable Kim R. Gibson, District Judge and
Honorable Keith A. Pesto, Magistrate Judge
No. 12-3996 related to E.D. Pa. No. 12-cv-05672
before the Honorable Edmund V. Ludwig
No. 13-1455 related to D. N.J. No. 06-cv-05952
before Honorable Harold A. Ackerman

Argued on September 10, 2013

Before: RENDELL, JORDAN and GREENAWAY, JR.,
Circuit Judges.

(Opinion filed: October 3, 2013)

Lisa B. Freeland, Esquire **(Argued)**
Federal Public Defender
Western District of Pennsylvania
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

Counsel for Petitioner Michael J. Pendleton

2

Stephen A. Zappala, Jr., Esquire
District Attorney
Michael W. Streily, Esquire
Deputy District Attorney
Rusheen R. Pettit, Esquire **(Argued)**
Assistant District Attorney
Allegheny County Office of the District Attorney
436 Grant Street
303 Courthouse
Pittsburgh, PA   15219

                Counsel for Respondent Gerald Rozum,
                Superintendent at SCI Somerset


David R. Fine, Esquire **(Argued)**
George A. Bibikos, Esquire
K&L Gates, LLP
Market Square Plaza
17 North Second Street, 18th Floor
Harrisburg, PA   17101

                Counsel for Petitioner Franklin X. Baines

R. Seth Williams, Esquire
District Attorney
Hugh J. Burns, Jr., Esquire
Chief, Appeals Unit
Thomas W. Dolgenos, Esquire
Chief, Federal Litigation
Ronald Eisenberg, Esquire  **(Argued)**
Deputy District Attorney
Edward F. McCann, Jr., Esquire
First Assistant District Attorney
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA   19107

>Counsel for Respondents Louis S. Folino,
>Superintendent, SCI, Green; The Attorney
>General of the Commonwealth of Pennsylvania


Marc Bookman, Esq.
Atlantic Center for Capital Representation
1315 Walnut Street – Ste. 1331
Philadelphia, PA   19107

>Counsel for the Atlantic Center for Capital
>Representation, Amicus Petitioner

Bradley S. Bridge, Esq.
Defender Association of Philadelphia
1441 Sansom Street
Philadelphia, PA 19102

    Counsel for the Defender Association of
    Philadelphia, Amicus Petitioner

Marsha L. Levick, Esq.
Juvenile Law Center of Philadelphia
1315 Walnut Street – Ste. 400
Philadelphia, PA 19107

    Counsel for the Juvenile Law Center of
    Philadelphia, Amicus Petitioner

David B. Glazer, Esquire **(Argued)**
Glazer & Luciano
19-21 West Mount Pleasant Avenue
Livingston, NJ 07039

    Counsel for Petitioner Corey Grant

5

questions, we consolidated them for argument and now address them jointly.

Before a second or successive petition may be filed in district court, the petitioner must apply for a certification from the appropriate United States court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). A certification giving leave to file a successive petition will be granted when the petitioner has made a "prima facie" showing that his or her claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244 (b)(2)(A) & (3)(A)(C); *see also* § 2255(h)(2). Under our precedent, a "prima facie showing" in this context merely means "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

The parties here agree that *Miller* states a new rule of constitutional law, but dispute whether the Supreme Court has made *Miller* retroactive to cases on collateral review. In Pendleton's and Baines's cases, Pennsylvania argues that *Miller* is not retroactive; in Grant's case, the United States asserts that *Miller* is retroactive but that Grant's sentence satisfies the new *Miller* rule and so no relief is warranted.[1]

---

[1] At this early stage, we will not consider whether Grant actually qualifies for relief under *Miller*. We only determine whether Grant has made a prima facie showing that *Miller* created "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See Goldblum*, 510 F.3d at 219 ("'[S]ufficient showing of possible merit' in this context does not refer to the merits of

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                       :
                                             :    STANDING ORDER NO. 13-6
APPOINTMENT OF COUNSEL IN                    :
PROCEEDINGS WHERE JUVENILES                  :
WERE SENTENCED TO                            :
MANDATORY LIFE WITHOUT                       :
PAROLE

## ORDER

**WHEREAS**, on June 25, 2012, the United States Supreme Court held in Miller v. Alabama, 132 S. Ct. 2455 (2012), that a sentencing scheme involving a mandatory life imprisonment for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments;

**WHEREAS**, many defendants sentenced by courts within this district may be eligible for resentencing in light of this decision; and

**WHEREAS**, there is a need to efficiently and equitably process petitions for writs of *habeas corpus* pursuant to 28 U.S.C. § 2254 and Miller;

**THEREFORE, IT IS ORDERED THAT**, effective immediately, where it appears that a defendant may be eligible for resentencing consistent with the Supreme Court's decision in Miller, the Federal Public Defender for the United States District Court for the Middle District of Pennsylvania is appointed as counsel for all financially eligible persons, consistent with 18 U.S.C. § 3006A and the Criminal Justice Act Plan of

the United States District Court for the Middle District of Pennsylvania, to evaluate whether the person may seek and receive resentencing and to present any motions and applications relating thereto.

**IT IS ALSO ORDERED THAT**, the Clerk's Office shall promptly notify the Federal Public Defender of all past, present or future *pro se* petitions for writs of *habeas corpus* involving the constitutionality of a mandatory sentence of life without parole for juvenile offenders so that the Federal Public Defender can assume representation in a timely fashion. If the Federal Public Defender is aware that any such petitions are already pending, it is to so advise the Clerk.

In the event that the Federal Public Defender is unable to represent a defendant in such proceedings, the Federal Public Defender shall designate an attorney in accordance with the Criminal Justice Act Plan of the United States District Court for the Middle District of Pennsylvania. In the event that the defendant was represented by counsel who is presently a member of the Criminal Justice Act Panel and is available to serve as counsel, said counsel shall be appointed.

BY THE COURT

s/Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania

Dated: June 18, 2013