# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2/21/2014

RE:   JAMAR MCCULLOUGH V. JEROME WALSH et al.
         CA No. 13-3421

# NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Strawbridge, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:_____
         John Arrow, Deputy Clerk

cc:   Courtroom Deputy to Judge BARTLE
       MCCULLOUGH
       AFFRONTI

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR McCULLOUGH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME WALSH, et al., | : | NO. 13-3421 |
| Respondents. | : | |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                    February 21, 2014

Before the Court is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jamar McCullough, who is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. McCullough seeks relief from the life sentence he is serving in light of the Supreme Court's June 25, 2012 decision in *Miller v. Alabama*, 132 S. Ct. 2455. He has also sought relief on this basis in the state court.

On November 7, 2013, the Court approved and adopted my Report and Recommendation of October 8, 2013 that the matter be stayed and the petition held in abeyance until the conclusion of state proceedings. Thereafter, McCullough requested that the Court proceed with its review of his petition, and we have been asked to consider the matter further. For the reasons that follow, we recommend that the Court continue to stay consideration of the petition and hold it in abeyance pending the state courts' resolution of McCullough's claim.

## I.   FACTUAL AND PROCEDURAL HISTORY[1]

As detailed in our prior Report, McCullough was convicted in the Philadelphia Court of Common Pleas on May 15, 1998 of first degree murder and related offenses that he committed when he was seventeen years old.  Pursuant to state law, he was sentenced on the murder conviction to a mandatory term of life imprisonment without the possibility of parole.  His conviction was affirmed on direct review and became final on October 8, 2000, upon the expiration of the time for seeking certiorari in the United States Supreme Court of the Pennsylvania Supreme Court's July 10, 2000 denial of his petition for allowance of appeal.  He sought relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq.* ("PCRA") with petitions filed in 2000 and 2004, but both of those petitions were dismissed and the dismissals affirmed on appeal.  *See also* Pet. at 4-7.

He filed a third PCRA petition on or about July 20, 2010, following the May 17, 2010 decision in *Graham v. Florida*, 560 U.S. 48 (2010).  He asserted that his sentence as a juvenile to life imprisonment without the possibility of parole violated the Eighth Amendment.  His petition was still pending in the PCRA Court on July 16, 2012, when he filed an amended PCRA petition that similarly challenged the life sentence imposed for his murder conviction but relying upon *Miller v. Alabama*, 132 S. Ct. 2455, 2474 (June 25, 2012).  As of this writing, that amended petition remains pending in the state courts.  *See also Commonwealth v.McCullough*, No. CP-51-CR-0700102-1997, Docket Sheet (Phila. Comm. Pl. Ct.), *avail. at* The Unified Judicial System of Pennsylvania Web Portal, http://ujsportal.pacourts.us for Case No. CP-51-CR-0700102-1997

---

[1] In that McCullough has a post-conviction petition pending in the state courts, the original state court record is not available to us in this case.  We derived the facts and procedural history from the petition, the response and attached exhibits, McCullough's "Return Notice," and available state court docket sheets.

(last visited Feb. 10, 2014).  *See also* Pet. at 7-8.

On June 14, 2013, McCullough filed this petition raising a single ground for habeas relief: that the mandatory sentence he received of life without the possibility of parole violates the Eighth Amendment's prohibition on cruel and unusual punishment because imposition of the mandatory sentence precluded the sentencing judge from taking into account the potentially mitigating qualities of youth, citing the Supreme Court's June 25, 2012 *Miller* ruling.  (Pet. at 8-rev.; Pet'r Mem. at 1-2.)  McCullough acknowledged that his PCRA petition seeking relief on this basis was still pending (Pet. at 8-10, 15-16), and in a form legal memorandum that he filed with his petition, noted that questions concerning the retroactivity of *Miller* were then before the Third Circuit Court of Appeals as well as the Pennsylvania Supreme Court.  (Pet'r Br. at 5.)  He asked that this Court "stay and hold in abeyance these habeas corpus proceedings until the Miller retroactiv[ity] issue is decided."  (Pet'r Mem. at 6.)

Upon referral from the Honorable Harvey Bartle III for preparation of a Report and Recommendation, we directed the Philadelphia District Attorney to respond to the petition and address Petitioner's request that the Court stay consideration of his petition.  On August 15, 2013, Respondents observed that McCullough's *Miller* claim is patently unexhausted, as it was still pending in the state court, but further responded that they did not oppose a stay of the petition pending completion of the proceedings on McCullough's pending PCRA action.  *See* Resp. [Doc. No. 5] at 4.  McCullough did not file a reply to the response.  Agreeing with Respondents' proposed course, and consistent with Petitioner's request for a stay, on October 8, 2013, we filed a Report with our recommendation that the Court stay consideration of the habeas petition and hold it in abeyance on the civil suspense docket.  (Doc. No. 6.)

On October 3, 2013, the Third Circuit Court of Appeals issued *In re Pendleton*, C.A. No.

3

12-3617, a case consolidated with *In re Baines*, C.A. No. 12-3996 and *In re Grant*, C.A. No. 13-1455, 2013 WL 5486170 (3d Cir. Oct. 3, 2013). The Court determined that the petitioners made out a *prima facie* case that *Miller* applies retroactively and therefore granted them the requested leave to file a second or successive habeas petition in the district court. The Third Circuit's opinion expressly left it for the district court, however, to determine whether *Miller* had been held to apply retroactively as to offer the prospect of any relief to those petitioners. Relying upon the *Pendleton* development, on October 21, 2013, McCullough submitted objections to our Report. He "ask[ed] the district judge to proceed with petitioner[']s habeas corpus petition[,] [b]ecause petitioner has also made [a] prima facie showing that <u>Miller</u> is retroactive and applies to petitioner." Objs. [Doc. No. 7] at 1. On November 7, 2013, however, the Court approved and adopted our Report and placed the matter in suspense "until the conclusion of the state appellate proceedings." (Doc. No. 8.)

The Pennsylvania Supreme Court addressed the *Miller* retroactivity question in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). In an opinion dated October 30, 2013, that court found that the United States Supreme Court had not yet held *Miller* to be retroactive and that Mr. Cunningham, whose conviction was already final when *Miller* was announced on June 25, 2012, could not benefit from the new rule.

Not long after the Court placed his case in civil suspense status, McCullough filed a form document entitled "Return Notice and Plead to Proceed with Petition for Writ of Habeas Corpus." (Doc. No. 9.) In this submission, dated November 15, 2013, McCullough identified the Pennsylvania Supreme Court decision in *Cunningham* as "a binding decision forcing the State Court to close themselves [sic] to a *Miller* claim." (*Id.* at 1.) He asserted this his PCRA petition "will automatically be dismissed" and, alternatively, that "any requirement of exhaustion

4

is futile, as the Pennsylvania Supreme Court has now rejected identical claims in Cunningham, leaving no reason to believe that any lower state court would decide[] this matter differently in a separate case." (*Id.* at 2.) McCullough recognized that the stay order required him to return to federal court "upon the conclusion of his State Court proceedings" and explained that he "now returns in compliance and pleads to proceed in the Federal realm to reach the merits of his *Miller* claim." (*Id.*)

While maintaining the stay for now, the Court has referred McCullough's notice for further consideration. We sought the position of Respondents on Petitioner's request. They contend that McCullough's request is premature and that, because his PCRA petition remains pending in state court, his state proceedings have not concluded and the matter should remain stayed. (Doc. No. 12.)

## II.    DISCUSSION

As we explained in the previous Report, absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before he seeks relief in the federal court. *See, e.g., Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

In accordance with McCullough's wishes at the time, we recommended a stay in lieu of a

5

dismissal without prejudice so that he could complete the state procedures necessary to comply with AEDPA's exhaustion requirement without the need to re-file at a point in time that might be outside of AEDPA's statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009). Our recommendation remains unchanged.

McCullough's individual Eighth Amendment claim remains unexhausted: it is currently before the trial court in his pending PCRA petition.[2] Thus, to the extent that McCullough sought to advance his federal petition because he anticipated that the PCRA Court would summarily dismiss his pending petition following the Pennsylvania Supreme Court's decision in *Cunningham*, that has not occurred.[3]

---

[2] A review of the docket online reveals that a "Motion for Leave to Amend Petition for Habeas Corpus Relief Under Article I, Section 14 of the Pennsylvania Constitution and Post-Conviction Relief Act Et Seq" was docketed on December 27, 2013. The docket also reflects another entry on that same date of the "Amended Post-Conviction Relief Act Petition." No action by the PCRA Court is reflected on the docket since those filings.

[3] Pursuant to the exhaustion requirement, after receiving a disposition of his claim in the PCRA Court, McCullough will be required to advance his claim before the Superior Court in order to be deemed to have "fairly presented" it to the state court as required by 28 U.S.C. § 2254(b). *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Wenger v. Frank*, 266 F.3d 218, 224-26 (3d Cir. 2001); Pa. S. Ct. Admin. Order No. 218.

We appreciate that, in a certain respect, the interests underlying the exhaustion requirement *have* been satisfied. As the United States Supreme Court has explained, the exhaustion requirement reflects a "rule of comity [that] reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement thus "ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992). Broadly speaking, the state supreme court *had* this opportunity --- in *Cunningham*. There it determined that the Eighth Amendment violation alleged by Mr. Cunningham --- which is the same violation alleged by Mr. McCullough here --- could not be claimed by persons, such as Messrs. Cunningham and McCullough, whose convictions were

Implicit in McCullough's request is an argument that it would be futile for him to continue seeking state court relief as to his sentence because Pennsylvania's lower courts are obligated to follow the prescripts of *Cunningham*, which would avail him, and all of those similarly situated, no relief.   To be sure, federal court review may be available without a petitioner having exhausted available state court remedies as described in Section 2254(b)(1)(A) if he demonstrates that: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).   The authorities make it clear, however, that an exception to the exhaustion requirement will be permitted only in accordance with this statutory provision, that is, "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). While the Pennsylvania lower courts will be obligated to follow *Cunningham*, they appear to be waiting to do so until it is known whether the United States Supreme Court will take up the question presented in *Cunningham*.   It has been represented to the Court by another representative of the Philadelphia District Attorney's Office that, in light of the intention expressed by counsel for Mr. Cunningham that *certiorari* would be sought in the United States Supreme Court, the Honorable Jeffrey P. Minehart, Supervising Judge of the Criminal Division of the Philadelphia Court of Common Pleas, "directed that all the currently pending PCRA Miller claims be stayed until the disposition of the Cunningham *certiorari* petition." *See*

---

already final when the *Miller* decision issued on June 25, 2012.  Thus, the state court has had the opportunity to recognize the alleged constitutional violation in the first instance, as presented by Mr. Cunningham, if not by Mr. McCullough.  For the reasons described above, however, we conclude that it is not yet the appropriate time for this Court to address McCullough's *Miller* claim.

*Hernandez v. Folino*, E.D. Pa. Civ. A. No. 13-3515, Doc. 9 at 4 (filed Nov. 26, 2013). *See also Songster v. Sec'y, Pa. Dep't of Corr.*, No. 12-3941, Order (3d Cir. Nov. 20, 2013) (similarly deferring briefing on *Miller* claim upon proof of filing of certiorari petition in *Cunningham*) (Supp. Resp. at Ex. 1). A review of the United States Supreme Court dockets confirms that on January 6, 2014, Cunningham made an application to extend the time to file a petition for a writ of *certiorari* and was granted an extension to do so until February 27, 2014. *See Cunningham v. Pennsylvania*, No. 13A713, Docket (U.S.), *avail. through* Westlaw (last viewed Feb. 19, 2014).

In light of the possibility of United States Supreme Court review of the Pennsylvania Supreme Court *Cunningham* decision, which could result in a reversal of that decision, we cannot consider the available corrective process as to McCullough's pending PCRA claim to be "absent," nor can we view the state process as ineffective to protect his rights at this point. *See* 28 U.S.C. § 2254(b)(1)(B). We do not view the circumstances here as offering "no opportunity to obtain redress in state court" as described in *Duckworth* nor the process being followed by the state courts as deficient to protect McCullough's effort to obtain relief. Accordingly, McCullough remains subject to the exhaustion requirement of Section 2254(b)(1)(A). His petition should not be reviewed until he has obtained review by the Superior Court of his currently-pending PCRA petition raising a *Miller* claim.

Our Recommendation follows.

8

## RECOMMENDATION

AND NOW, this 21st day of February, 2014, for the reasons outlined in the above Report, IT IS RESPECTFULLY RECOMMENDED that the Court CONTINUE TO STAY consideration of McCullough's habeas petition and CONTINUE TO HOLD IT IN ABEYANCE on the civil suspense docket until such time as McCullough receives a decision from the Pennsylvania Superior Court with respect to his pending PCRA petition. IT IS FURTHER RECOMMENDED that the Court require Petitioner and Respondents to notify it within thirty days of the issuance of that decision by the Pennsylvania Superior Court so that the habeas petition may proceed in this Court.

Petitioner may file objections to this Supplemental Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR McCULLOUGH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME WALSH, et al., | : | NO. 13-3421 |
| Respondents. | : | |

## O R D E R

**AND NOW**, this            day of                        , 2014, upon careful and

independent consideration of the petition for a writ of habeas corpus and accompanying memorandum

of law, the response, available state court records, Petitioner's "Objection to the Magistrate's Report

and Recommendation" submitted on October 21, 2013 (Doc. No. 7), Petitioner's "Return Notice and

Plead to Proceed with Petition for Writ of Habeas Corpus" submitted on November 15, 2013 (Doc. No.

9), the supplemental response (Doc. No. 12) and after review of the Report and Recommendation of

October 8, 2013 (Doc. No. 6) and the Supplemental Report and Recommendation of February 21, 2014

(Doc. No. ___) of United States Magistrate Judge David R. Strawbridge, it is **ORDERED** that:

1. The Supplemental Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus **SHALL REMAIN IN SUSPENSE** until the
   conclusion of McCullough's state appellate proceedings; and

3. Petitioner and Respondents **SHALL NOTIFY** the Court within thirty days of the
   conclusion of McCullough's state appellate proceedings so that the habeas petition may
   proceed in this Court.

BY THE COURT:

_____
HARVEY BARTLE III,            J.